

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00791-CV

Bianca Rose **FOX**,
Appellant

v.

**CYPRESS AT STONE OAK**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2023-CV-01033
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: January 14, 2026

DISMISSED FOR LACK OF JURISDICTION

This is an attempted appeal from the trial court's order denying a post-appeal motion to stay enforcement of a judgment.

On May 5, 2023, the trial rendered judgment against Bianca Fox ("appellant") in the amount of $5000.00 plus interest. On November 27, 2024, we issued an opinion affirming the judgment. *See Fox v. Cypress at Stone Oak*, No. 04-23-00526-CV, 2024 WL 4901922, at *1 (Tex. App.—San Antonio Nov. 27, 2024, no pet.).

Almost a year later, on October 31, 2025, appellant filed a motion asking the trial court to stay enforcement of the $5000.00 judgment. The trial court denied the motion to stay enforcement. On November 12, 2025, appellant filed a document seeking appellate review of the trial court's order denying the motion to stay enforcement. We construe this document as a notice of appeal.

We have jurisdiction over appeals from final judgments and certain interlocutory orders made appealable by statute. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The order denying appellant's motion to stay enforcement is not an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1)–(18) (designating appealable interlocutory orders); *Davis v. Merriman*, Nos. 04-13-00518-CV, 04-13-00875-CV, 2015 WL 1004357, at *5 (Tex. App.—San Antonio 2015, pet. denied) (noting orders concerning enforcement of prior judgments are generally not appealable because they are not final judgments); *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 855 (Tex. App.—Houston [14th Dist.] Mar. 4, 2014, no pet.) (same). We ordered appellant to show cause in writing why we have jurisdiction over this appeal. Appellant filed a response, but it does not show that we have jurisdiction over this appeal.[1] Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

---

[1] Appellant asserts we have jurisdiction under Rule 24.4 of the Texas Rules of Appellate Procedure. However, Rule 24.4 authorizes appellate review of orders involving the suspension of enforcement judgments *pending appeal. See* TEX. R. APP. P. 24; *In re Obeginski*, No. 09-25-00480-CV, 2025 WL 3520514, at *1 (Tex. App.—Beaumont Dec. 4, 2025, orig. proceeding [mand. filed]) (explaining Rule 24 provides "[t]he appropriate procedure to utilize when a judgment debtor seeks to avoid execution of a final judgment pending the resolution of an appeal"). Appellant's appeal from the $5,000.00 judgment was resolved more than a year ago and is no longer pending.